# Exhibit A

## SUPREME COURT OF THE STATE OF NEW YORK

## COUNTY OF WESTCHESTER

_____X

JAKE LEWIS

                              Plaintiff                              **SUMMONS**

                                                                     57268

V                                                                    Index No.----------------/2016

Midland Funding, LLC

Doing Business in NY as Midland Funding of Delaware, LLC            c/o  CSC

                              Defendant (s)

_____

                    **FILED**                              Plaintiff designates
                                                           Westchester County as the
                    MAY 23 2016                            place of trial
              TIMOTHY C. IDONI
              COUNTY CLERK                                 **SUMMONS AND**
          COUNTY OF WESTCHESTER                            **COMPLAINT**

                                                           Venue is based on the
                                                           Plaintiff's residence

**TO THE ABOVE NAMED DEFENDANT (S):**

YOU ARE HEREBY SUMMONED AND REQUIRED TO serve upon the plaintiff (s), at the
stated address below, an answer to the attached complaint.

If this summons was personally served upon you in the State of New York, the answer must be
served within twenty days after such service of the summons, excluding the date of service.
If the summons was not personally delivered to you within the State of New York, the answer
must be served within thirty days after service of the summons is complete as provided by law.

If you do not serve an answer to the attached complaint within the applicable time limitations
stated above, a judgment may be entered against you, by default for the relief demanded in the
complaint.

Dated: May 20, 2016                                    Respectfully Submitted

                                                       Jake Lewis
                                                        Pro Se Plaintiff

                                                       630 South 4th Avenue
                                                       Mount Vernon, NY 10550
                                                       914-3098342

DEFENDANT(S) ADDRESS

Midland Funding. LLC
Doing Business in NY as Midland Funding of Delaware, LLC
8875 Aero Drive, Suite 200
San Diego, CA 92123

**SUPREME COURT OF THE STATE OF NEW YORK**

**COUNTY OF WESTCHESTER**

---

JAKE LEWIS

Plaintiff

v                                                          Index No.--------------/2016

MIDLAND FUNDING, LLC

DOING BUSINESS IN NY AS

MIDLAND FUNDING OF DELAWARE, LLC

Defendant

_____/

**COMPLAINT**

**FOR VIOLATION OF THE FDCPA 15 U.S.C. § 1692 ET SEQ & VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349 (A)**

**JURISDICTION**

1. This is an action under the Fair Debt Collection Practices Act, hereinafter 'FDCPA," 15

   U.S.C. § 1692a, et Seq, as well as under the New York General Business Law § 349 (a).

**PARTIES**

2. Plaintiff Jake Lewis resides at 630 South 4th Avenue, Mount Vernon, NY 10550.

3. Defendant Midland Funding, LLC is a debt buyer incorporated in the State of Delaware

   with offices located at 8875 Aero Drive, Suite 200, San Diego, CA 92123

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692.

5. Plaintiff is a consumer as defined 15 U.S.C. § 1692A (3).

1

## FACTUAL ALLEGATIONS

6.  Plaintiff had a credit card with Bank of America and the last time a payment was made on the card was in the year 2007.

7.  Defendant alleged that it purchased the debt in 2010, then filed suit in 2011.

8.  However, Bank of America is a Delaware Corporation and this means after three years of no payments the statute of limitations run in the State of Delaware.

9.  In addition, plaintiff is also a Delaware Corporation where the statute of limitation is 3 years but their offices are based in the State of California where the statute is 2 years.

10. Midland Funding, LLC filed against Jake Lewis on March 4, 2011 in Westchester county.

    **Exhibit A**. Summons and complaint file with Westchester County clerk.

11. Midland also filed an affidavit of service stating that they served a female approximately fifty years old, a relative of Lewis.

    **Exhibit B**. Affidavit of service filed with Court.

12. However, plaintiff lived by himself, so they could not have served a relative of Lewis.

13. Midland Funding, LLC then filed a motion for default judgment and got a judgment for $19, 129.18

    **Exhibit C.** Default judgment granted to Midland Funding, LLC.

14. Plaintiff received a notice from the Westchester county Sherriff's civil unit to garnish plaintiff's wages with the total amount due of $28, 341.66

    **Exhibit D**. Notice from Westchester county Sherriff to plaintiff.

2

## COUNT 1

15. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

16. In demanding the sum of $17, 302.35, defendant violated 15 U.S.C. Section 1692e (2) in
that it repeatedly falsely represented the character and amount of the debt.

17. The defendant violated 15 U.S.C. Section 1692e (2) (A), (5) and (10) by repeatedly
misrepresenting the imminent nature of legal action by defendant.

18. The defendant violated 15 U.S.C. Section 1692e by making statements in paragraph No.
four of its complaint stating that interest was due from 11/21/2010, when the last
payment made on the card was in 2007, in order to change the statute of limitations.

19. The defendant further violated 15 U.S.C. 1692 because the Trade credit insurance
purchased by Bank of America paid 90% of the debt after three months of no payments,
as required by the insurance contract and defendant failed to subtract all payments made
by third parties on this account.

20. As a result, of the above violations of the FDCPA, the defendant is liable to plaintiff for
declaratory judgment that defendant's conduct violated the FDCPA, and plaintiff's actual
damages, statutory damages and costs.

## COUNT 2

21. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

22.  Defendant violated the New York General Business Law § 349 (a) by its deceptive acts
and practices.

23. The defendant violated New York General Business Law § 349 (a) by violating the Fair
Debt Collection Practices Act, 15 U.S.C. § 1692 et Seq.

3

24. Defendant's acts as described above were done intentionally with the purpose of coercing plaintiff to pay the alleged debt.

25. As a result, of the above violations of the New York General Business law § 349 (a), the defendant is liable to the plaintiff for injunctive and declaratory relief and for actual damages, statutory damages and costs.

Wherefore, plaintiff respectfully prays that judgment in the amount of $85, 024.98 which is three times the amount the defendant is attempting to collect and as allowed by New York General Business Law § 349 (a), be entered against defendant for the following:

a.  Declaratory judgment that defendant's conduct violated the FDCPA, and declaratory and injunctive relief for the defendant's violations of New York State Law

b.  Actual damages.

c.  Statutory damages pursuant to 15 U.S.C. § 1692k

d.  Statutory damages pursuant to New York General Business Law § 349 (a)

e.  For filing fees, costs and expenses in bringing forth this action;

f.  Any and all other relief as the Court deems just and proper under the circumstances.

Respectfully Submitted

Dated: May 20, 2016                    Jake Lewis

Pro Se Plaintiff
630 South 4th Avenue

Mount Vernon, NY 10550

914-309-8342

4

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
MIDLAND FUNDING LLC DOING BUSINESS
IN NY AS MIDLAND FUNDING OF
DELAWARE LLC

                            Plaintiff

         -against-

JAKE LEWIS

                       Defendant(s)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CONSUMER CREDIT TRANSACTION

Index No.
Date Filed: 6716-11
Plaintiff designates WESTCHE
County as the place of trial


000127022

**SUMMONS (ORIGINAL)**
The basis of venue is:
DEFENDANT'S RESIDENCE

Plaintiff's Residence:
8875 AERO DRIVE  SUITE 200
SAN DIEGO, CA 92123
County of SAN DIEGO

FILED
MAR 17 2011
TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

To the above named defendant(s):

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve
a copy of your answer, or, if the complaint is not served with this summons
to serve a notice of appearance, on the Plaintiff's Attorney(s) within
TWENTY days after the service of this summons, exclusive of the day of
service (or within THIRTY days after the service is complete if this
summons is not personally delivered to you within the State of New York);
and in case of your failure to appear or answer, judgment will be taken
against you by default for the relief demanded herein.


Dated: Islandia, New York
      MARCH  4, 2011

                               RUBIN & ROTHMAN, LLC
                               Attorneys for Plaintiff
                               1787 Veterans Highway
                               Islandia, N.Y. 11749
                               (631) 234-1500


DEFENDANT(S) ADDRESS:


   JAKE LEWIS
630 S 4TH AVE  MOUNT VERNON, NY 10550


WE ARE ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE
USED FOR THAT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
                    NYC DCA LIC. 1249720
Our File No. 0911481            117        46459-   15      F    SZC

SUPREME COURT OF THE STATE OF NEW YORK        Index No.
COUNTY OF WESTCHESTER

67116/11

--------------------------------------------
MIDLAND FUNDING LLC DOING BUSINESS
IN NY AS MIDLAND FUNDING OF
DELAWARE LLC
                                    Plaintiff

        -against-                            COMPLAINT (ORIGINAL)

JAKE LEWIS

                    Defendant(s)
--------------------------------------------

FILED

MAR 17 2011
TIMOTHY C IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

Plaintiff, by its attorneys, complaining of the defendant(s), alleges:

## AS AND FOR A FIRST CAUSE OF ACTION

1. Defendant(s) resides in the county in which this action is brought;
   or transacted business in the county in which this action is brought
   in person or through an agent, and this cause of action arose out of
   said transaction.  The NYC Department of Consumer Affairs
   has issued license No. 1312658 to plaintiff.

2. Plaintiff is a foreign limited liability company.

3. Defendant used a credit card issued by plaintiff's assignor,
   BANK OF AMERICA
   and agreed to make payments for goods and services charged and/or cash
   advances made upon such card.

4. Defendant(s) failed to make the payments due pursuant to such agreement
   and $  17,302.35 is now due and owing to plaintiff from defendant(s),
   together with interest on $   17,302.35 from 11/21/10  at the rate of
    9.00 % per annum.

## AS AND FOR A SECOND CAUSE OF ACTION

5. Defendant(s) accepted statements sent by plaintiff or plaintiff's
   assignor without objection.

6. By reason thereof, an account was stated by plaintiff or plaintiff's
   assignor to defendant in the said amount.

WHEREFORE, plaintiff demands judgment against defendant(s) in the sum of
$   17,302.35, with interest on $   17,302.35 from 11/21/10 at the rate
of  9.00 % per annum and the costs and disbursements of this action.

Dated: Islandia, New York
       MARCH 4, 2011
                              RUBIN & ROTHMAN, LLC
                              Attorneys for Plaintiff
                              1787 Veterans Highway
                              Islandia, N.Y. 11749
                              (631) 234-1500


Deponent is an attorney associated with Rubin & Rothman, LLC.  To the best
of deponent's knowledge, information and belief, formed after an inquiry
reasonable under the circumstances, the summons and complaint or the
contentions therein are not frivolous as defined in section 130-1.-(c)
of the Rules of the Chief Adm. and the matter was not obtained through
illegal conduct or in violation of 22 NYCRR 1200.41-a (DR 7-111).

Dated:       MARCH 4, 2011      _____
                               JOSEPH LATONA      ANGELO L. SIRAGUSA
WE ARE ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE
USED FOR THAT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
                         NYC DCA LIC. 1249720
Our File No. 0911481       118       46459-    15      F    SZC

# EXHIBIT B

Rubin & Rothman (YY)
Suitable Age Service

## SUPREME COURT OF THE STATE OF NEW YORK
### WESTCHESTER COUNTY

**AFFIDAVIT OF SERVICE** 



*2821894*

Index no : 6716/11
Date of Purchase: 03/17/2011
Office No: 0911481

| | |
|---|---|
| Plaintiff: | **MIDLAND FUNDING LLC DOING BUSINESSIN AS MIDLAND FUNDING OFDELAWARE LLC** |
| Defendant: | **JAKE LEWIS** |

STATE OF NEW YORK COUNTY OF NEW YORK        ss.:

**JOSEPH BARNUM**, the undersigned, being duly sworn, deposes and says that was at the time of service over the age of eighteen and not a party to this action. I reside in the state of New York

On **07/06/2011** at **7:35 PM**, I served the within **SUMMONS AND COMPLAINT** on **JAKE LEWIS** at **630 S 4TH AVE, APT 3, MOUNT VERNON, NY 10550** in the manner indicated below:

By delivering and leaving a true copy or copies of the aformentioned documents with said **"JANE" LEWIS, RELATIVE OF THE DEFENDANT** a person of suitable age and discretion.

A description of the **Defendant**, or other person served on behalf of the **Defendant** is as follows:

| Sex | Color of skin/race | Color of hair | Age | Height | Weight |
|---|---|---|---|---|---|
| **Female** | **Black** | **Black** | **50** | **5'5"** | **130** |
| Other Features: | | | | | |

That at the time of service as aforesaid, I asked **"JANE" LEWIS** whether the **Defendant** was in, or a dependant of a person in the military service of the United States Government, or of the State of New York, and received a negative reply.

Upon information and belief based upon the conversation and observation as aforesaid I aver that **Defendant** is not in the military service of the United States Government, or of the State of New York, as that term is defined in the statutes of the State of NewYork, or of the Federal Soldiers and Sailors Civilian Relief Act.

On **07/07/2011** I deposited in the United States mails a true copy or copies of the aforementioned documents properly enclosed and sealed in a post–paid wrapper addressed to said **Defendant** at **630 S 4TH AVE, APT 3, MOUNT VERNON, NY 10550**. That address being the **last known residence, usual place of abode of the Defendant.** Copy mailed 1st class mail marked personal & confidential not indicating on the outside thereof, by return address or otherwise that said notice is from an attorney or concerns an action against the person to be served.

Sworn to and subscribed before me on
07/07/2011

X _____
JOSEPH BARNUM
License#:
AAA Attorney Service Co. of NY, Inc.
20 Vesey Street, Room 1110
New York,NY 10007
(212) 233–3508 Clerk: Cindy

HARVEY TARBER
Notary Public State of New York
No. 01TA4607012
Qualified in BRONX
Commission Expires 12/31/2014

# EXHIBIT  C

```
                                                        000002021701
SUPREME COURT OF THE STATE OF NEW YORK        R & R File No. 0911481
COUNTY OF WESTCHESTER                      Client Acct: 4264292253001214
-----------------------------------------                    S  119
MIDLAND FUNDING LLC DOING BUSINESS
IN NY AS MIDLAND FUNDING OF      FILED
DELAWARE LLC
          -against-              Plaintiff
                               2011 OCT -7 P 4: 45        JUDGMENT
JAKE LEWIS
                                 Index No. 6716/11
                     Defendant(s)
                  WESTCHESTER COUNTY CLERK
-----------------------------------------
```

Amount claimed in complaint .......................... $   17,302.35
Interest on $ 17,302.35 at   9.000% from 11/21/10 to 9/28/11      1,326.83
                                                         ------------
                                              TOTAL $    18,629.18

Costs by Statute.......................... $    200.00
Service of process........................       25.00
Fee for Index Number......................      210.00
Prospective execution fee.................       20.00
Motion Fee................................       45.00
                                                              500.00
                                                         ------------
                                              TOTAL $    19,129.18

STATE OF NEW YORK, COUNTY OF SUFFOLK:
The undersigned, an attorney admitted to practice in the State of New York,
associated with the attorneys for plaintiff, under penalties of perjury,
affirms the following to be true:  The disbursements specified above have
been or will necessarily be made or incurred and are reasonable in amount.
Defendant(s) have failed to appear, answer or move herein, and the time to
do so having expired, plaintiff is entitled to judgment by default.
A copy of the summons was deposited on  7/07/11 (Deft 1)
in a separate post paid envelope in an official depository of the United
States Postal Service within New York State, addressed to each defaulting
defendant's last known home address set forth herein.  More than 20 days
have elapsed and the envelope has not been returned as undeliverable
by the post office. This mailing was made by the process server.
CPLR 4539(b) ALLOWS REPRODUCTION OF DOCUMENTS IN ACCORDANCE WITH THE
REQUIREMENTS SET FORTH THEREIN.  THE DOCUMENTS SUBMITTED WITH THIS
JUDGMENT ARE EITHER ORIGINALS OR IDENTICAL TO THE ORIGINAL.  IF A
REPRODUCTION, THE ORIGINAL WAS STORED ELECTRONICALLY IN A SYSTEM THAT
CREATES TIF IMAGES AND RECORDS THEM IN A WORM (WRITE ONCE, READ MANY)
CD SYSTEM.  INFORMATION STORED IN A WORM CD SYSTEM CANNOT BE CHANGED
ONCE IT IS RECORDED.
Dated: September 28, 2011
                              ------------------------------
                                      VALERIE WATTS
                              RUBIN & ROTHMAN, LLC
                              Attorneys for Plaintiff
                              1787 Veterans Highway
                              Islandia, N.Y. 11749
                              (631) 234-1500

NOW, on motion of Rubin and Rothman, LLC, it is adjudged that

MIDLAND FUNDING LLC DOING BUSINESS IN NY AS MIDLAND FUNDING OF DELAWARE LLC

located at 8875 AERO DRIVE  SUITE 200, SAN DIEGO, CA 92123

recover of JAKE LEWIS

residing at 630 S 4TH AVEAPT 3, MOUNT VERNON, NY 10550

the sum of $   19,129.18 and that the Plaintiff have execution therefor.

Dated: October 7, 2011
                              ------------------------------
                                                       Clerk

# EXHIBIT D




# WESTCHESTER COUNTY
## DEPARTMENT OF PUBLIC SAFETY
## SHERIFF'S CIVIL UNIT

### GEORGE N. LONGWORTH
#### COMMISSIONER - SHERIFF

---

1 1 0 DR MARTIN LUTHER KING JR BLVD — ROOM L217 — WHITE PLAINS — NEW YORK — 10601

4/29/2016

Debtor:

    JAKE K LEWIS
    630 SOUTH 4TH Ave
    MOUNT VERNON, NY 10550

Sheriff File: 16001964

MIDLAND FUNDING LLC DBA IN NEW YORK AS MIDLAND FUNDING OF DELAWARE
LLC -vs- JAKE K LEWIS

Judgment amount        $19,129.18

| | |
|---|---:|
| Judgment Balance | $19,129.18 |
| Interest | $7,862.88 |
| Mileage, Levy and Filing Fees | $0.00 |
| Sheriff poundage and unpaid fees | $1,349.60 |
| TOTAL AMOUNT DUE TO DATE | $28,341.66 |

Interest and poundage will continue to accumulate on the principal balance at a rate of $4.72 per day.

Last payment received on for $0.00.

We will send notification when the above execution has been paid in full. Thank you for your attention in this matter.

Sincerely,

CIVIL UNIT EXECUTION DEPARTMENT

cc: file

---

TELEPHONE: (914) 995-3053      FAX: (914) 995-4095      WEBSITE: WESTCHESTERGOV.COM/PS




# WESTCHESTER COUNTY
## DEPARTMENT OF PUBLIC SAFETY
## SHERIFF'S CIVIL UNIT

### GEORGE N. LONGWORTH
#### COMMISSIONER- SHERIFF



**1 1 0 DR MARTIN LUTHER KING JR BLVD – ROOM L217 – WHITE PLAINS – NEW YORK – 10601**

RE: MIDLAND FUNDING LLC DBA IN NEW YORK AS MIDLAND FUNDING OF DELAWARE LLC vs
JAKE K LEWIS
Sheriff File #: 16001964

SHERIFF'S INCOME EXECUTION INSTRUCTIONS TO JUDGMENT DEBTOR

**<u>The enclosed is an Income Execution, which requires you to pay to the Westchester County Sheriff 10% of your gross wages. As per the law, you are being given an opportunity to voluntarily pay. You must do the following:</u>**

1. Send a check, money order or certified check made payable to the **Sheriff of Westchester County** for **10%** of your gross wages (before taxes) weekly or twice monthly. Your first payment must be received by us within 20 days of the postmark date on the certified letter. You may also make additional payments at any time.

   **IF AT ANY TIME YOUR ACCOUNT REFLECTS NO REMITTANCE FOR A PERIOD OF (20) TWENTY DAYS OR MORE, THE EXECUTION WILL BE FILED WITH YOUR EMPLOYER.**

2. You will **not** be notified in advance if the income execution is forwarded to your employer for payroll deductions. You are responsible for timely, accurate payments. Payments returned for insufficient funds are considered a default in payments and a $20.00 fee will be charged.

3. **<u>Write your Sheriffs' file number 16001964 and debtor name JAKE K LEWIS on all remittance.</u>**

4. Send your payment to:
   > Westchester County Sheriff's Office
   > 110 Dr. Martin Luther King Jr., Blvd. - Room L217
   > White Plains, New York 10601
   > ATTENTION: Income Execution

5. **Do not accept instructions from anyone but the Westchester County Sheriff's Department.** Once the income execution is filed, the Sheriff is the only party mandated to enforce payment and is the only party authorized to release the execution.

NOTE: If you have multiple cases in our office, all payments will be applied to the first priority case.

Payments may also be made at our office during normal business hours, Monday through Friday, 9:00 a.m. to 5:00 p.m. except holidays.
To pay by credit card log on www.GovPayNow.com or call 1-(888) 604-7888 and use the Pay Location Code (PLC) # 7554.

---

**TELEPHONE: (914) 995-3053          FAX: (914) 995-4095          WEBSITE: WESTCHESTERGOV.COM/PS**

MIDLAND FUNDING LLC DOING BUSINESS     BANK OF AMERICA
IN NY AS MIDLAND FUNDING OF           Retailer:
DELAWARE LLC
            Judgment Creditor(s),     INCOME EXECUTION
      -against-
                                Index No. 6716/11

JAKE LEWIS

            Judgment Debtor(s).

TO ANY SHERIFF OR MARSHAL, GREETING:

In an action in the SUPREME COURT, COUNTY OF WESTCHESTER
Index No. 6716/11         a judgment was entered in favor
of the judgment creditor against the judgment debtor as follows:

| Entry Date | Original Amount | Amount Due | Plus Interest From |
|---|---|---|---|
| 10/07/2011 | $ 19129.18 | $ 19129.18 | 10/07/2011 |

This execution is issued against the judgment debtor, whose last known
address is 630 SOUTH 4TH AVE MOUNT VERNON NY 10550
and who is receiving or will receive $600 for each weekly pay period from
the employer.

The employer's name and address follows:

      NAME OF EMPLOYER: DEPARTMENT OF LABOR
      DEBTOR'S POSITION: LABOR SVS REP LVER

    ******* ISSUE SECOND STAGE EXECUTION TO THE PAYROLL OFFICE ADDRESS *******

EMPLOYER PAYROLL OFFICE: 110 STATE ST

            ALBANY NY 12244
            518-474-4042  KAREN MCLAUGHLIN

     EMPLOYER LOCAL OFFICE: STATE OFFICE CAMPUS, BLDG. 12
                       ROOM 465
                       ALBANY NY 12240

     YOU ARE DIRECTED to satisfy the judgment with interest together with
your fees and expenses, out of all monies now and hereafter due and owing
to the judgment debtor from the employer pursuant to CPLR 5231.
     DIRECTIONS TO JUDGMENT DEBTOR:  You are notified and commanded
immediately to start paying to the enforcement officer serving a copy of
this income execution on you, installments amounting to 10% (but no more
than the Federal limits set forth in I. Limitations on the amount that
can be withheld) of any and all salary, wages or other income, including
any and all overtime earnings, commissions or other irregular compensation
received or hereafter to be received from your employer and to continue
paying such installments until the judgment with interest and the fees
and expenses of this income execution are fully paid and satisfied, and
if you fail to do so this income execution will be served upon the employer
by the enforcement officer.
     DIRECTIONS TO THE EMPLOYER:  You are commanded to withhold and pay
over to the enforcement officer serving a copy of this income execution on
you, installments amounting to 10% (but no more than the Federal limits set
forth in I. Limitations on the amount that can be withheld) of any and all
salary, wages or other income, including any and all overtime earnings,
commissions or other irregular compensation now or hereafter becoming due
to judgment debtor until the judgment with interest and the fees and
expenses of this income execution are fully paid and satisfied.

Dated:  4/26/2016
                   /s/
              JOSEPH LATONA                AARON DEACON

RUBIN & ROTHMAN, LLC
Attorneys for MIDLAND FUNDING LLC DOING BUSINESS ,
Assignee of BANK OF AMERICA
1787 Veterans Highway, Islandia, N.Y. 11749   Tel: (631) 930-0569

WE ARE ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE
USED FOR THAT PURPOSE.  THIS COMMUNICATON IS FROM A DEBT COLLECTOR.

000004346770

**IMPORTANT STATEMENT**

This income execution directs the withholding of up to 10 percent of the judgment debtor's gross income. In certain cases, however, state or federal law does not permit the withholding of that much of the judgment debtor's gross income. The judgment debtor is referred to New York Civil Practice Law and Rules § 5231 and 15 United States Code § 1671 et seq.

**I.  Limitations on the amount that can be withheld:**

A.  An income execution for installments from a judgment debtor's gross income cannot exceed ten percent (10%) of the judgment debtor's gross income.

B.  No deduction can be made from the judgment debtor's earnings under this income execution if a judgment debtor's weekly disposable earnings are less than the greater of thirty (30) times (1) the current federal minimum wage ($7.25 per hour or $217.50) or (2) the New York State minimum wage ($9.00 per hour or $270) for judgment debtors who are NOT fast food employees in fast food establishments or (3) the New York State minimum wage ($10.50 per hour or $315) for judgment debtors who are fast food employees in fast food establishments located in New York City or (4) the New York State minimum wage ($9.75 per hour or $292.50) for judgment debtors who are fast food employees in fast food establishments located outside New York City.

C.  A judgment debtor's weekly disposable earnings under this income execution cannot be reduced below the amount arrived at by multiplying thirty (30) times the greater of (1) the current federal minimum wage ($7.25 per hour or $217.50) or (2) the New York State minimum wage ($9.00 per hour or $270) for judgment debtors who are NOT fast food employees in fast food establishments or (3) the New York State minimum wage ($10.50 per hour or $315) for judgment debtors  who are fast food employees in fast food establishments located in New York City or (4) the New York State minimum wage ($9.75 per hour or $292.50) for judgment debtors who are fast food employees in fast food establishments located outside New York City.

D.  If deductions are being made from a judgment debtor's earnings under any orders for alimony, support or maintenance for family members or former spouses, and those deductions equal or exceed twenty-five percent (25%) of the judgment debtor's disposable earnings, no deduction can be made from the judgment debtor's earnings under this income execution.

E.  If deductions are being made from a judgment debtor's earnings under any orders for alimony, support or maintenance for family members or former spouses, and those deductions are less than twenty-five percent (25%) of the judgment debtor's disposable earnings, deductions may be made from the judgment debtor's earnings under this income execution. However, the amount arrived at by adding the deductions from earnings under this execution to the deductions made from earnings under any orders for alimony, support or maintenance for family members or former spouses cannot exceed twenty-five percent (25%) of the judgment debtor's disposable earnings.

**NOTE:  Nothing in this notice limits the proportion or amount which may be deducted under any order for alimony, support or maintenance for family members or former spouses.**

**II.  Explanation of Limitations:  Definitions:**

**Disposable Earnings:** Disposable earnings are that part of an individual's earnings left after deducting those amounts that are required by law to be withheld (for example, taxes, social security, and unemployment insurance, but not deductions for union dues, insurance plans, etc).

**Gross income:** Gross income is salary, wage or other income, including any and all overtime earnings, commissions and income from trusts, before any deductions are made from such income.

| **Illustrations Regarding Earnings:** If disposable earnings is: | **Amount to pay or deduction from earnings under this income execution is:** |
|---|---|
| a) 30 times the greater of (1) the federal minimum wage ($7.25 per hour or $217.50) or (2) the New York State minimum wage ($9.00 per hour or $270) for judgment debtors who are NOT fast food employees in fast food establishments or (3) the New York State minimum wage ($10.50 per hour or $315) for judgment debtors who are fast food employees in fast food establishments located in New York City or (4) the New York State minimum wage ($9.75 per hour or $292.50) for judgment debtors who are fast food employees in fast food establishments located outside New York City or less. | No payment or deduction allowed. |
| b) more than 30 times the greater of (1) the federal minimum wage ($7.25 per hour or $217.50) or (2) the New York State minimum wage ($9.00 per hour or $270) for judgment debtors who are NOT fast food employees in fast food establishments or (3) the New York State minimum wage ($10.50 per hour or $315) for judgment debtors who are fast food employees in fast food establishments | The lesser of the excess over the greater of 30 times (1) the federal minimum wage ($7.25 per hour or 217.50) or (2) the New York State minimum wage ($9.00 per hour or $270) for judgment debtors who are NOT fast food employees in fast food establishments or (3) the New York State minimum wage ($10.50 per hour or $315) for judgment debtors who are fast food employees in fast food establishments located in New York |

located in New York City or (4) the New York State minimum wage ($9.75 per hour or $292.50) for judgment debtors who are fast food employees in fast food establishments located outside New York City and less than 40 times the greater of (1) the federal minimum wage ($7.25 per hour or $290) or (2) the New York State minimum wage ($9.00 per hour or $360) for judgment debtors who are NOT fast food employees in fast food establishments or (3) the New York State minimum wage ($10.50 per hour or $420) for judgment debtors who are fast food employees in fast food establishments located in New York City or (4) the New York State minimum wage ($9.75 per hour or $390) for judgment debtors who are fast food employees in fast food establishments located outside New York City

City or (4) the New York State minimum wage ($9.75 per hour or $292.50) for judgment debtors who are fast food employees in fast food establishments located outside New York City in disposable earnings, or 10% of gross earnings.

c) 40 times the greater of the (1) federal minimum wage ($7.25 per hour or $290) **or (2) the** New York State minimum wage ($9.00 per hour or $360) for judgment debtors who are NOT fast food employees in fast food establishments or (3) the New York State minimum wage ($10.50 per hour or $420) for judgment debtors who are fast food employees in fast food establishments located in New York City or (4) the New York State minimum wage ($9.75 per hour or $390) for judgment debtors who are fast food employees in fast food establishments located outside New York City or more

The lesser of:   25% of disposable earnings or 10% of gross earnings

**III. Notice: You may be able to challenge this income execution through the procedures provided in CPLR § 5231(i) and CPLR § 5240.**
    If you think that the amount of your income being deducted under this income execution exceeds the amount permitted by state or federal law, you should act promptly because the money will be applied to the judgment.  If you claim that the amount of your income being deducted under this income execution exceeds the amount permitted by state or federal law, you should contact your employer or other person paying your income.  Further, YOU MAY CONSULT AN ATTORNEY, INCLUDING LEGAL AID IF YOUR QUALIFY.  New York State law provides two procedures through which an income execution may be challenged.
**CPLR §5231(i) Modification:**  At any time, the judgment debtor may make a motion to a court for an order modifying an income execution.
**CPLR §5240 Modification or protection order: supervision of enforcement:**  At any time, the judgment debtor may make a motion to a court for an order denying, limiting, conditioning, regulating, extending or modifying the use of any post-judgment enforcement procedure, including the use of income executions.
    **TAKE NOTICE** that pursuant to CPLR 5205(1), $2,750 of an account containing direct deposit or electronic payments reasonably identifiable as statutorily exempt payments, as defined in CPLR 5205(1)(2), is exempt from execution and the garnishee cannot levy upon or restrain $2,750 in such an account.
    **TAKE NOTICE** that pursuant to CPLR 5222(i), an execution shall not apply to an amount equal to or less than ninety percent of the greater of two hundred forty times the federal minimum hourly wage prescribed in the Fair Labor Standards Act of 1938 or two hundred forty times the state minimum hourly wage prescribed in Labor Law Section 652 as in effect at the time the earnings are payable, except such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his or her dependants.

(Rev. 1/19/2016 Page 2)